**Signed: August 11, 2008**



```
                    _____
                         LESLIE TCHAIKOVSKY
                         U.S. Bankruptcy Judge
                    _____
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                     No. 08-43172
                                          Chapter 7
WILLIAM FRANCIS GUNN                      R.S. No. CSR-200

        Debtor.
_____/

## MEMORANDUM OF DECISION

PG Partners, Inc. ("Movant") filed a motion for relief from the automatic stay so that it might exercise its state law right to offset commissions owed to Debtor William Francis Gunn ("Debtor") against its prepetition claim. A hearing on the motion was held on July 25, 2008 at 11:00 a.m. After the hearing, the Court issued an order denying the motion for relief. An explanation of the reasons for its decision is set forth below.

## SUMMARY OF FACTS

Movant, a real estate broker, employed Debtor as a real estate agent. Debtor and Movant executed a Broker-Associate Licensee Contract (the "Contract"), under which Debtor was to receive a marketing advance of up to $3,000 per month from Movant to cover costs incurred by Debtor for marketing properties for sale. The

Contract allowed Movant to retain up to 25% of Debtor's commissions as repayment for marketing advances.

The Contract provides that Debtor "shall receive a share of commissions which are actually collected by the Broker, on listings and contracts for services requiring a real estate license which are solicited and obtained by Associate Licensee, and on transactions of which Associate Licensee's activities are the procuring cause, as follows: a. When Associate Licensees shall have performed any work hereunder whereby any commission shall be earned and when such commission shall have been collected, Associate License [sic] shall be entitled to the agreed commission split...".

Debtor filed the above-captioned Chapter 7 case on June 20, 2008. Debtor owed Movant approximately $22,000 in marketing advances at the time of filing. After his petition was filed, escrow closed on two properties that Debtor had marketed. A third sale is pending but has not closed.

**DISCUSSION**

Section 553(a) provides that "this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case..." 11 U.S.C. § 553(a). Creditors may not offset debts while the automatic stay remains in effect. 11 U.S.C. § 362(a)(7). The right to offset only applies when both the creditor's debt to the debtor and the debtor's debt

2

to the creditor arose prepetition. See In re TLC Hospitals, Inc., 224 F.3d 1008 (9th Cir. 2000).

Debtor objected to the motion for relief from stay on the grounds that Movant's right to offset arose postpetition. At the hearing, Movant relied on a Ninth Circuit case, In re Munple, Ltd., to support its position that its right to offset arose prepetition. 868 F.2d 1129 (9th Cir. 1989). The court in Munple held that a commission agreement under which a seller owed a commission to a broker was not an executory contract under 11 U.S.C. § 365 because the broker had fully performed its contractual obligations when it procured a buyer, which it did prior to the bankruptcy filing. Munple, 868 F.2d at 1131.

The holding in Munple is not applicable to this case because the language of the Contract executed by Debtor and Movant specifies when Debtor's right to receive a commission payment arises. The Contract provides that "when such commission shall have been collected, [Debtor] shall be entitled to the agreed commission split." Because none of the three sales on which Debtor was entitled to receive commissions had closed escrow at the time of Debtor's bankruptcy filing, Movant had not collected any of the commissions prepetition. Thus, Debtor's entitlement to his share of the commissions did not arise until after the filing.

In Braniff Airways, Inc. v. Exxon Co., the Fifth Circuit held that setoff was allowed when the debt owed to the debtor was incurred and absolutely owed prepetition, even though the precise amount of the debt could not be calculated until after the petition

3

date. 814 F.2d 1030, 1036 (5th Cir. 1987). This case also differs from <u>Braniff Airways</u> because, under the language of the Contract, Debtor was not absolutely owed any commission until the commission had been collected by Movant, which occurred postpetition. The delay in payment was not necessitated by the need to calculate the amount owed to Debtor.

**CONCLUSION**

Movant's obligation to pay Debtor was not a prepetition debt subject to offset against Debtor's prepetition obligation to Movant under 11 U.S.C. § 553. As a result, cause does not exist to lift the automatic stay.

END OF DOCUMENT

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Barbara A. Smart |
| | Smart Legal Services |
| 3 | 22693 Hesperian Blvd. #210 |
| | Hayward, CA 94541 |
| 4 | |
| | Catherine S. Robertson |
| 5 | Pahl & McCay |
| | 225 W. Santa Clara St., Ste. 1500 |
| 6 | San Jose, CA 95113-1752 |